UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WHITNEY ARETZ and SHANNON
ARETZ, an individual**

    Plaintiffs,

v.                                                Case No: 5:12-CV-246-Oc-34PRL

**CHAD T. DOUGLAS**

    Defendant.

## ORDER

Plaintiff has sued Defendant, claiming that she worked with Defendant to create three published works of fantasy fiction and that Defendant falsely attributed sole authorship to himself. Now, Plaintiff, Whitney Aretz, asks the Court to overrule Defendant's objections and compel Defendant to answer interrogatories 8, 9, 11, and 12. (Doc. 20). Defendant has *not* filed a response, and his time for doing so has passed. Thus, the Court deems Plaintiff's Motion (Doc. 20) *unopposed*; and, all objections to Plaintiff's interrogatories, other than privilege or protection, have been waived by Defendant's failure to assert them in a timely response.

Based on the Court's review of the record and filings, Defendant shall provide complete answers to Plaintiff's interrogatories 8, 9, and 11. Notably, with regard to interrogatory 11, Defendant indicates that *none* of his AOL instant messenger conversations or email communications with Plaintiff were incorporated into the books, but also states that relevant and responsive documents have already been provided. If, however, Defendant intends to rely on documents that he has already produced to Plaintiff, he must state, with specificity, "what" he is referring to and where, in those documents, the answer can be found.

With regard to interrogatory 12, it appears that Plaintiff, through this interrogatory, seeks information regarding Defendant's responses to requests for admissions. The response that Plaintiff seeks from Defendant, however, should actually be included in Defendant's response to the request for admission (rather than as a separate interrogatory). For example, if Defendant denies an admission, the "denial must fairly respond to the substance . . . ." Fed. R. Civ. P. 36(a)(4).

Finally, to the extent Plaintiff seeks sanctions for filing this motion, the Court finds that "other circumstances make an award of expenses unjust," so the Court denies any recovery for fees and costs at this time and without prejudice. Fed. R. Civ. P. 37(a)(5)(iii).

In light of the foregoing, Plaintiff's Motion (Doc. 20) is **GRANTED** as to interrogatories 8, 9, and 11, as set forth above, and **DENIED** as to interrogatory 12. On or before **June 20, 2013**, Defendant shall respond to Plaintiff's interrogatories.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on June 6, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record